**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tiffany Truong | ) | CV 12-1700-PHX-JAT |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| LVNV Funding LLC; Blatt Hasenmiller, | ) | |
| Leibsker & Moore, LLC; and Katherine J. | ) | |
| Merolo, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On December 20, 2012, this Court required Plaintiff to appear on January 10, 2013 and show cause why this case should not be dismissed for failure to serve.  The Court held the hearing on January 10, 2013, and Plaintiff did not appear, nor did Plaintiff file anything. As a result, the Court dismissed this case due to Plaintiff's failure to properly serve (in accordance with this Court's order of August 14, 2012) any of the Defendants within the time limits of Federal Rule of Civil Procedure 4(m).

Over three months later, Plaintiff filed a motion for reconsideration of the dismissal. Because judgment was never entered, the motion is not time barred under Federal Rule of Civil Procedure 59 or 60.  However, motions for reconsideration must be filed under Local Rule Civil 7.2(g)(2) within 14 days of the order on which the party seeks reconsideration. Based on this rule, Plaintiff's motion for reconsideration is untimely.

Moreover, Plaintiff's motion fails on the merits.  Specifically, the Court held the January 10, 2013 hearing to address service.  In her motion for reconsideration, Plaintiff's

1  sole argument as to service is:

> Plaintiff asks the Court's [sic] to allow Plaintiff to provide appropriate service on defendants. Plaintiff promises to obey all future court orders and deadlines. Plaintiff needs the assistance of the Court in order to pursue Plaintiff's FDCPA and FRAUD complaint. Therefore, Plaintiff asks that the Court consider reopening Plaintiff's case.

Doc. 14.

> There are two avenues for relief under Rule 4(m) (*see Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir.2009)):

• "The first is mandatory[.]" *Id.* (citation and footnote omitted). Based upon the plain language of that Rule, "the district court **must** extend time for service upon a showing of good cause." *Id.* (citation and footnote omitted).

• "The second is discretionary [.]" *Id.* (citation omitted). Notwithstanding Rule 4(m), "if good cause is not established, the district court **may** extend time for service upon a showing of excusable neglect." *Id.* (citation omitted).

> Engaging in the "two-step analysis" which the Ninth Circuit "requires[,]" the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id.* (citation omitted).

*Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011).

## A.    Good Cause

To establish good cause, Plaintiff must show:

1) excusable neglect;

2) the party to be served received actual notice of the suit;

3) the party to be served would suffer no prejudice; and

4) Plaintiff would suffer severe prejudice if the complaint were dismissed. *Id*. (citing *Lemoge*, 587 F.3d at 1198).

## B.    Excusable Neglect

In the absence of good cause, the court must proceed to the second step of the analysis, and decide whether, in its discretion, to extend the prescribed time for service of the FAC. The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D.Hawai'i Aug.18, 2011)

- 2 -

1    (quoting *In re Sheehan*, 253 F.3d at 513 (citation omitted)).

2    *Trueman,* 2011 WL 6721327 at *5.

3    However, that broad discretion is not limitless.  *Efaw v. Williams*, 473 F.3d 1038,

4    1041 (9th Cir. 2007).  "To determine whether a party's failure to meet a deadline constitutes

5    'excusable neglect,' courts must apply a four-factor equitable test... ."  *Trueman*, 2011 WL

6    6721327 at *5.

7    That four factor equitable test requires, at a minimum, examination of:

8    (1) the danger of prejudice to the opposing party;[1]

9    (2) the length of the delay and its potential impact on judicial proceedings;

10    (3) the reason for the delay;[2] and

11    (4) whether the movant acted in good faith.

12    *Ahanchian v Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

13    Those four enumerated factors are "not an exclusive list[,]" however. *Lemoge*,
14    587 F.3d at 1195 (internal quotation marks and citation omitted). "In some
      circumstances, the prejudice a denial would cause to the movant must also be
      considered, but it is not a fact that must be assessed in each and every case."
15    *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir.2010)
      (internal quotation marks and citation omitted).
16
17    *Trueman*, 2011 WL 6721327 at *6.

18    First, because Plaintiff has offered no reason for her failure to timely serve, she has

19    not shown "good cause."  Second, the Court must consider excusable neglect.  The Court

20    does not have any evidence of whether there will be prejudice to the opposing party.  The

21    length of the delay, between when service was due, December 9, 2012, and when Plaintiff

22    moved for reconsideration, April 17, 2013, is over four months.  Plaintiff has offered no

23

24    [1]"Prejudice to defendants 'requires greater harm than simply that relief would delay
      the resolution of the case.'" *Trueman*, 2011 WL 6721327, *4 (quoting *Lemoge*, 587 F.3d at
25    1196).

26    [2]The Court of Appeals has instructed that excusable neglect encompasses
      "negligence" and "carelessness." *Lemoge*, 587 F.3d at 1192.
27

28
                                        - 3 -

reason for either her delay in serving nor her delay in seeking reconsideration.  Finally, Plaintiff has offered no evidence that she has proceeding in good faith.  However, not timely serving, not attending a Court ordered hearing, and not seeking timely reconsideration of an order all evidence a lack of diligence which undercuts any argument that Plaintiff is in good faith making her best efforts to timely serve and prosecute this case.  Thus, Plaintiff has failed to establish that the excusable neglect factors favor an extension of time.

Accordingly, **IT IS ORDERED** Plaintiff's motion for reconsideration (Doc. 14) is denied as untimely.  Alternatively, it is denied on the merits as she has failed to show that she is entitled to an extension of time to serve.

**IT IS FURTHER ORDERED** that consistent with this Court's order of January 10, 2013, the Clerk of the Court shall enter judgment of dismissal, without prejudice.

DATED this 27th day of September, 2013.

James A. Teilborg
Senior United States District Judge